IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Robert H. Rivernider, Jr., )
)
        Petitioner, )
) Civil Action No. 9:17-1894-BHH
v. )
) **ORDER**
Hector Joyner, Warden, )
)
        Respondent. )
_____)

      This matter is before the Court upon Petitioner Robert H. Rivernider, Jr.'s pro se petition for a writ of habeas corpus pursuant to 29 U.S.C. § 2241. In accordance with 28 U.S.C. 636(b)(1)(B) and Local Rule 73.02(B)(2)(c) (D.S.C.), the matter was referred to a United States Magistrate Judge for initial review. On January 17, 2018, Magistrate Judge Bristow Marchant issued a report and recommendation ("Report"), analyzing the issues and recommending that the Court grant Respondent's motion to dismiss or for summary judgment and dismiss this action with prejudice. After being granted an extension of time, Petitioner filed objections to the Report, and the matter is ripe for review.

## **STANDARD OF REVIEW**

      The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendations of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific

objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## **ANALYSIS**

Petitioner was sentenced on December 18, 2013, in the United States District Court for the District of Connecticut to 144 months of imprisonment with 5 years of supervision for conspiracy to commit wire fraud and wire fraud. According to the parties, Petitioner was arrested on November 5, 2010, and he was released on a $100,000.00 non-surety bond on March 18, 2011. In addition to a number of special conditions of bond, Petitioner was placed on computer/internet restrictions and home detention with electronic monitoring. Petitioner was sentenced on December 18, 2013, and was ordered to self-surrender to a Bureau of Prisons ("BOP") facility, which he did on January 29, 2014. According to the BOP's sentence computation, Petitioner's sentence commenced on January 29, 2014, with prior custody credit from the date of his arrest (November 5, 2010) through the date he was released on bond (March 18, 2011).

In this action, Petitioner seeks credit for the time spent while released on bond under supervised home confinement until he was sentenced.[1] Petitioner argues that the BOP's failure to give him credit for this time is unconstitutional and violates his due process rights.

---

[1] As the Magistrate Judge noted, Petitioner also raises claims concerning the conditions of his confinement, but he cannot seek relief for those claims in a § 2241 petition. The Magistrate Judge notified Petitioner of this deficiency and indicated that to the extent Petitioner continues to assert these claims they should be dismissed. The Court agrees with the Magistrate Judge.

2

He also alleges that the restrictions placed on him were punitive in nature and that he is therefore entitled to credit for this time period.

As the Magistrate Judge noted in his Report, the computation of a federal sentence is the responsibility of the Attorney General of the United States and has been delegated to the BOP. *See United States v. Wilson*, 503 U.S. 329, 331 (1992); 28 C.F.R. § 0.96. The computation of a federal sentence encompasses two separate issues: the commencement date of the federal sentence and whether a prisoner is entitled to receive credit for time spent in pre-trial custody prior to the commencement of the federal sentence. As to the second issue: "A defendant shall be given credit towards the service of a term of imprisonment for any time he has spent in *official detention* prior to the date the sentence commences." 18 U.S.C. § 3585 (emphasis added).

As the Magistrate Judge also noted, pursuant to Program Statement 5880.28 of the Sentence Computation Manual (CCCA of 1984), which the BOP promulgated to provide guidance on the application of federal statutes in federal sentence computations, time spent participating in an electronic monitoring program as a condition of bond is not considered "official detention." In addition, the United States Supreme Court has rejected the premise that the restrictiveness of conditions of confinement may constitute detention, finding that "[a] defendant who is 'released' is not in BOP's custody, and he cannot be summarily reassigned to a different place of confinement unless a judicial officer revokes his release." *Reno v. Koray*, 515 U.S. 50, 63 (1995). The Fourth Circuit also has held that "[f]or purpose of calculating credit for time served under 18 U.S.C. § 3585, 'official detention' means imprisonment in a place of confinement, not stipulations imposed upon a person not subject to full physical incarceration." *United States v. Insley*, 927 F.2d 185 (4th Cir. 1991) (quoting

*United States v. Woods*, 888 F.2d 653, 655 (10 th Cir. 1989)); *see also United States v. Prine*, 167 F. App'x 962, 962 (4th Cir. 2006) (finding that "time spent on home confinement with electronic monitoring does not constitute time served in 'official detention' under 18 U.S.C. § 3585(b)").

Based on the foregoing, the Magistrate Judge determined that Petitioner is not entitled to credit for time spent under monitoring when he was released on bond.

In his objections, Petitioner merely rehashes his claims and asserts that the conditions placed on him while on bond were solely for the purpose of punishment. In support he cites *United States v. Lominac*; however, *Lominac* has no bearing on this case as it involved the constitutionality of a sentence imposed for violation of supervised release. 144 F.3d 308 (4th Cir. 1998). Although the Fourth Circuit remarked that "supervised release is punishment," this case does not involve any question related to a sentence of supervised release. *Id.*

After review of Petitioner's objections, the Court finds them wholly without merit and agrees with the Magistrate Judge that Petitioner has not shown that any restrictive conditions imposed on bond were solely for the purpose of punishment rather than to monitor his activity and protect the safety of the community, as well as to ensure Petitioner's appearance at necessary court proceedings. In addition, although Petitioner raises additional conclusory allegations of prosecutorial misconduct and deliberate indifference to his serious medical needs, as the Court previously noted, Petitioner cannot seek relief for these claims in this § 2241 petition, and these claims are subject to dismissal. Ultimately, the Court finds that the Magistrate Judge appropriately summarized the facts and the applicable principles of law, and the Court agrees with the Magistrate

Judge that Petitioner has failed to show that he is entitled to credit for the time he spent under monitoring on bond.

Accordingly, it is hereby **ORDERED** that the Magistrate Judge's Report (ECF No. 18) is adopted and incorporated herein; Respondent's motion to dismiss or for summary judgment (ECF No. 13) is granted; and this case is dismissed with prejudice.

**AND IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce Howe Hendricks
United States District Judge

June 15, 2018
Charleston, South Carolina